UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHIEN DANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:12-CV-246 |
| v. ) | |
| ) | |
| WELTMAN, WEINBERG & REIS Co., L.P.A., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Chien Dang, a *pro se* plaintiff, filed a complaint alleging that the law firm of Weltman, Weinberg & Reis Co., L.P.A., ("Weltman") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, by "repeatedly obtaining plaintiff's consumer report without permissible purpose." [DE 1 at 2, 3.] Dang's claim is brought pursuant to § 1681b(f) of the FCRA, which prevents individuals from obtaining another individual's consumer credit reports. [*Id.*] Dang demands $6,000 in damages against Weltman for actual or statutory damages, punitive damages, attorneys' fees and costs. [DE 1 at 3.] Supported by an affidavit, Weltman now seeks summary judgment. [DE 10 at 5; DE 11 at 6-7.] Because Weltman has proved that it had an entirely permissible purpose for obtaining Dang's credit report – they were attempting to collect a debt from him on behalf of a client – summary judgment will be granted for Weltman.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment carries the

1

initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.,* 42 F.3d 439, 443 (7th Cir. 1994). The nonmoving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby,* 447 U.S. 242, 252 (1986). The nonmoving party must allege these specific facts showing a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

Our local rules sets forth specific requirements for both the party moving for summary judgment and for the non-moving party. In particular, Local Rule 56.1 directs the moving party to file a "Statement of Material Facts" as to which "the moving party contends there is no genuine issue." N.D. Ind. L.R. 56.1(a). The party opposing a summary judgment motion then must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "all material facts as to which it is contended there exists a genuine issue necessary to be litigated." *Id.* The Local Rule specifically states that "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion[.]" N.D. Ind. L.R. 56.1(b).

In moving for summary judgment against a *pro se* party, the local rules also require that the unrepresented party be served with a detailed notice explaining Federal Rule 56 and Local Rule 56.1. N.D. Ind. L.R. 56.1(f). In moving for summary judgment here, Weltman complied with this requirement and provided Dang with the necessary detailed notice. [DE 10.] The party opposing a motion for summary judgment has two choices. He can either respond with an

affidavit showing a triable issue of fact or state reasons why he cannot provide an existence of an issue of fact without discovery. *Chambers v. American Trans Air Inc.*, 17 F. 3d 998 (7th Cir. 1994).

Read liberally, Dang's response to Weltman's summary judgment makes three arguments: 1) he needs additional time for discovery, 2) Weltman obtained his consumer report without permissible purpose, and 3) that the motion for summary judgment did not comply with Fed. R. Civ. P. 56 and Local Rule 56-1. None of these arguments are persuasive.

First, Dang's response argues that summary judgment is inappropriate at this point because additional discovery is needed. This is essentially an appeal to Rule 56(d), which states "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). But to use Rule 56(d) to create a genuine of issue of material fact, a litigant must still identify with specificity the evidence he hopes to obtain from discovery. That is, "Rule 56(d) 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious;'" rather, the party invoking it, even a *pro se* party, must show "'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Yuan Xie v. Hospira, Inc.*, 2011 WL 1575530, at *2 (N.D. Ill. 2011) (quoting *Lamb's Patio Theatre v. Universal Film Exch.*, 582 F.2d 1068, 1071 (7th Cir. 1978)).

So to use Rule 56(d), Dang must set forth specific evidence that he might obtain from further discovery that would create a genuine issue as to a specific material fact. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005). Dang does not set forth any such evidence; instead his response generally states that "[t]he Motion does not set forth the True facts upon which the [Weltman] seeks summary judgment." [DE 19 at 4.] Thus, to the extent Dang's response is an attempt to invoke Rule 56(d), it fails.

Dang's second argument is that Weltman lacked a permissible purpose under the FCRA to obtain his consumer credit reports on three separate occasions. [DE 19 at 4.] This argument is just a restatement of his central claim and doesn't raise a material issue of fact. On the contrary, in fact, Weltman's unrebutted evidence establishes that it did have a permissible purpose. Under 15 U.S.C. § 1681(a)(3)(A), a consumer report may be obtained by a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of*, the consumer." *See Miller v. Wolpoff & Abramson, LLP*, 309 Fed. Appx. 40, 43 (7th Cir. 2009) (holding a credit report obtained on behalf of the owner of the debt was a legitimate purpose); *Smith v. Frye*, 2011 WL 748363, at *3 (N.D. Ill. 2011) (holding a credit report obtained in connection with a collection of debt is permissible under FCRA).

Weltman, by affidavit, affirms the law firm performed consumer and commercial collection services, but only to the extent necessary to pursue the indebtedness owed by Dang. [DE 11 at 6.] On behalf of two separate creditors, Weltman obtained Dang's credit report on September 18, 2010 and October 5, 2010. [DE 11 6,7.] After judgment was entered against Dang in St. Joseph Circuit Court for indebtedness on one of the accounts, Weltman acquired an

updated copy of Dang's credit report. [DE 11 at 7.] Weltman obtained Dang's consumer reports on behalf of creditors, which is a permissible purpose under FCRA. *See Miller*, 309 Fed. Appx. at 43.

Finally, Dang asserts Weltman did not comply with Fed. R. Civ. Proc. 56 and N.D. Ind. L.R. 56-1(a). [DE 19 at 3.] This is simply incorrect: Weltman provided Dang with the notice required to *pro se* plaintiffs and provided a Statement of Undisputed Material Fact that was supported by an affidavit. [DE 11.]

Because Dang's response fails to provide any evidence that would establish a genuine issue of material fact, his action cannot proceed as a matter of law. Therefore, Defendant's Motion for Summary Judgment is **GRANTED**. [DE 10.] The clerk shall **ENTER FINAL JUDGMENT** in favor of Defendant stating that Plaintiff is entitled to no relief. The clerk shall treat this civil action as **TERMINATED**. All pending dates in this case are **VACATED**.

    **SO ORDERED.**

    ENTERED: October 12, 2012        s/ Philip P. Simon
                                                       PHILIP P. SIMON, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT